UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ANTONIA TUFANO,

                            Plaintiff,
            -against-                                    **ORDER**
                                                         CV 05-2520 (ERK)(ARL)

TRIBUNE COMPANY, et al.,

                            Defendants.
-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

Before the court is the defendants' letter dated April 20, 2006, requesting that the court recommend that the plaintiff's action be dismissed for failure to prosecute. The plaintiff has submitted an untimely response to application dated April 4, 2006, but received by the court on May 3, 2006.

By way of background, the plaintiff commenced this action on May 24, 2005 claiming that she had been discriminated against on the basis of her gender. The defendants filed their answer to the complaint on July 26, 2005. Upon receipt of the answer, the undersigned scheduled an initial conference for November 30, 2005, but that conference was cancelled when the parties notified the court that they had agreed to a proposed scheduling order.

On March 9, 2006, the undersigned then received a letter from the defendants requesting that a telephone conference be scheduled to address the defendants' intention to file a motion to dismiss for failure to comply with discovery and/or failure to prosecute based on the plaintiff's failure to respond to the defendants' First Set of Interrogatories and First Request for the Production of Documents. The court denied that request for two reasons. First, the defendants had not conferred with the plaintiff in good faith in an effort to resolve the dispute. Second, the court advised the defendants that prior to seeking sanctions pursuant to Fed. R. Civ. P. 37(b)(2), the defendants should first seek to compel responses to their requests.

In response to the court's order, the defendants did attempt to contact the plaintiff's counsel numerous times to discuss the outstanding discovery but he did not return any of the defendants' counsels' messages. Accordingly, by letter application dated March 21, 2006, the defendants sought to compel the plaintiff to produce written responses to the defendants' First Set of Interrogatories and First Request for the Production of Documents and her Rule 26(a) initial disclosures, and to make herself available for a deposition. The plaintiff did not submit opposition to that motion. The court granted the request and directed the plaintiff to respond to the defendants' requests and produce her Rule 26(a) initial disclosures by April 17, 2006. The court also directed the plaintiff to make herself available for a deposition, at a time mutually agreed upon by the parties, but no later than April 26, 2006.

The plaintiff was warned that her failure to comply with the court's April 3, 2006 order could result in the imposition of sanctions, including a recommendation that the action be

dismissed with prejudice pursuant to Rule 41(b) for failure to prosecute and/or pursuant to Rule 37(d) for failure to appear for her own deposition or to respond to the defendants' requests. Despite the court's warning, the plaintiff only provided her initial disclosures.

Counsel for the plaintiff now explains that the delays have been caused by "a period of indecision regarding [the plaintiff's] desire to move forward with this litigation due to the toll the alleged episodes have taken on [her] mental and emotional health." Counsel for the plaintiff further states that he has now responded to the outstanding documents demands and will respond to the interrogatories by Friday. Counsel has also indicated that the plaintiff will be available for a deposition any time between May 8th and June 8th. Based on plaintiff's counsel's representations, the court will provide the plaintiff with one final opportunity to comply with all outstanding discovery. The plaintiff must respond to the interrogatories by the close of business on Friday and must make herself available for a deposition by June 8, 2006. The plaintiff is warned that her failure to comply with this order will result in a recommendation that the action be dismissed with prejudice pursuant to Rule 41(b) for failure to prosecute and/or pursuant to Rule 37(d) for failure to appear for her own deposition.

Also before the court is the plaintiff's request to extend the discovery deadline, which expired on May 2, 2006, to June 16, 2006, "in the interest of having the plaintiff's claims decided on the merits." Although the plaintiff has not stated the reason she needs the extension, given her conduct in this case, the court assumes that the plaintiff has not conducted her own discovery. The plaintiffs' request is granted. All discovery is to be completed by June 16, 2006. The plaintiff is reminded that the discovery deadline contemplates that adequate time will be given to the recipient of the discovery request to respond under the Federal Rules of Civil Procedure. Any party planning on making a dispositive motion shall take the first step in the motion process by June 30, 2006. The final conference scheduled for May 30, 2006 is adjourned to July 13, 2006 at 11:00 a.m. The parties shall electronically file the proposed joint pretrial order prior to the conference. No further adjournments will be granted.


Dated: Central Islip, New York                                        SO ORDERED
   May 4, 2006


                 _____/s/_____
                 ARLENE R. LINDSAY
                 United States Magistrate Judge